JOURNAL ENTRY AND OPINION
In this accelerated calendar appeal, plaintiff-appellant, Arthur E. Spector, appeals the decision of the Cuyahoga County Common Pleas Court finding in favor of defendant-appellees, Richard L. Madden and Christopher Lowell's, Inc., on Count Two of appellant's amended complaint. For the reasons that follow, we affirm.
On September 29, 1997, appellant filed a two-count complaint against appellees, alleging non-payment of a series of promissory notes and breach of an oral employment agreement. After discovery was completed, the case was referred to arbitration. The arbitrators found in favor of appellant regarding non-payment of the promissory notes but against appellant with respect to the oral employment agreement. On August 13, 1998, appellant filed an appeal de novo of the arbitrators' decision. He subsequently filed an amended complaint to include Madden as a defendant on Count Two and on November 18, 1998, the case proceeded to a bench trial.
Appellant was the only witness to testify at trial. Appellant testified that he became acquainted with Madden when both men worked for Matrix. Madden left Matrix in early 1991 to open an interior design/home decorating shop, named Christopher Lowell's, in Chagrin Falls, Ohio.
Beginning in late 1991, while he continued to work at Matrix, appellant provided appellees with various services, including word processing, bookkeeping and assistance with press releases. Appellant left Matrix on July 31, 1992, when his job was eliminated. From August 1, 1992 through December 31, 1992, he worked full-time for appellees as a sales clerk.
Appellant testified that he loaned money to Madden several times during this time period, as evidenced by five promissory notes signed by Madden. According to appellant, the notes were prepared by appellees' bookkeeper, Aileen Hauer. As of June 30, 1998, the amount of principal and interest due on the notes, less $1,500 repaid by Madden, totaled $23,162.67.
Appellant testified that he received no monetary compensation for the services he rendered to appellees from August 1, 1992 through December 31, 1992. He testified that when he began working for appellees, there was no oral or written agreement regarding payment for his services. According to appellant, Madden and Hauer understood from the beginning, however, that if appellees could not pay him on an ongoing basis, he would eventually need to find other full-time employment. Appellant testified that he left appellees' employ in the first week of January, 1993 after he, Madden and Hauer jointly determined that business had slowed and appellees could not pay him.
Appellant testified that when he quit working for appellees, he made an oral agreement with Madden and Hauer whereby appellees agreed to pay him $1,600 per month for five months as deferred compensation for the five months he had worked for appellees. Appellant testified that appellees never paid him any of these monies, although in a letter to appellant dated February 24, 1996, signed by Madden and Hauer, Madden acknowledged that appellant was one of "several people who have helped us, supporting our project from the beginning, and to whom we owe serious money." In the same letter, Madden assured appellant that "we will continue to do everything required and more, to move the project forward, and ultimately meet our obligations in full."
On cross-examination, appellant testified that he collected unemployment compensation after he left Matrix on July 31, 1992. Appellant admitted that he "may have" collected unemployment compensation during the time period that he worked for appellees, although he testified that it "is not fair to say" that he decided to quit working for appellees when his unemployment compensation ended. Appellant acknowledged that he and Madden were very good friends, but testified that his services to appellees were not a gift.
In its judgment entry dated December 16, 1998, the trial court found in favor of appellant on Count One of his complaint regarding the non-payment of the promissory notes, but in favor of appellees[1] on Count Two of appellant's complaint regarding non-payment of the sums due under the oral employment agreement. Appellant timely appealed, raising one assignment of error for our review:
 THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE PLAINTIFF/APPELLANT CARRIED HIS BURDEN OF PROOF AND DEFENDANTS/APPELLEES FAILED TO PRODUCE ANY EVIDENCE CONTESTING SAME.
Appellant contests the trial court decision finding in favor of appellees on Count Two of his amended complaint. Appellant contends that the trial court's decision was against the manifest weight of the evidence because he produced sufficient evidence to establish an oral employment agreement and appellees failed to present any evidence to rebut appellant's case.
In our examination of the trial court's decision, we are constrained by the principle that judgments supported by competent, credible evidence going to all the material elements of the case will not be reversed as being against the weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77
80. Where the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203.
Appellant contends that he is entitled to judgment on Count Two of his amended complaint because his testimony established that there was an oral agreement that he would be paid for the services that he had rendered to appellees, appellees acknowledged this debt in a letter to him and he was not paid pursuant to the agreement.
Appellant contends that appellees did not put on any evidence to refute his claim, but merely intimated, through appellees' counsel's questions to appellant on cross-examination, that there was no oral agreement because appellant was collecting unemployment compensation during the time he worked for appellees and appellant's services were a gift because of his friendship with Madden. Appellant contends that these allegations are irrelevant and not supported by any evidence in the record. We disagree.
First, appellant admitted on cross-examination that he collected unemployment compensation after he left his employment with Matrix in August, 1992 and that he "may have been" collecting unemployment compensation from August, 1992 through December, 1992 when he worked for appellees. Appellant's testimony on this issue is evidence that the trial court could properly consider.
Furthermore, the trial court was not obliged to believe appellant's testimony regarding the alleged oral employment agreement. As explained by the Ohio Supreme Court in Seasons Coal, supra:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe the demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.
Here, we note that appellant testified that each time he loaned money to Madden, Hauer prepared a promissory note that Madden signed. Indeed, Madden signed five promissory notes for appellant. Thus, although appellant testified that Madden promised to pay him for his employment services, the absence of any written document to substantiate his claim is significant, a fact presumably not lost on the trial judge.
After listening to appellant's testimony, the trial judge in this case apparently decided that appellant's version of events was not credible, as she was entitled to do. We see no reason to disturb that determination. Appellant's assignment of error is, therefore, overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE JUDGE
KARPINSKI, P.J. and
ROCCO,. J., CONCUR.
N.B. This entry is an announcement of the courts decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The trial court's judgment entry states that it finds in favor of plaintiff on Count One and in favor of "the defendant" on Count Two. Because it is apparent that the trial court's entry should have included both defendants, pursuant to App.R. 9(E), we correct the entry to reflect that the trial court found in favor of both defendants on Count Two of plaintiff's complaint.